

Search for Cases by:  Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print             GrantedPublicAccess  Logoff JMCMILLEN11

**21SL-CC06059 - SHIMIKA MULDROW V TRILEAF CORPORATION (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**05/10/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-4165, for TRILEAF CORPORATION. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**03/28/2022**  ☐ **Note to Clerk eFiling**
       **Filed By:** EDWARD F LUBY

☐ **Motion Special Process Server**
Request For Appointment Of Process Server.
       **Filed By:** EDWARD F LUBY
       **On Behalf Of:** SHIMIKA MULDROW

**03/03/2022**  ☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO THE SPECIAL PROCESS SERVER FORM MISSING THE SECOND PAGE WHICH INCLUDES LOCAL RULE 28. AS OF AUGUST 26, 2019, THE PAGE INCLUDING LOCAL RULE 28 IS REQUIRED AT THE TIME OF E-FILING. E-FILE A CORRECTED SPECIAL PROCESS SERVER FORM INCLUDING THE 2ND PAGE, WHICH IS LOCATED ON THE SAINT LOUIS COUNTY COURTS WEBSITE. ONCE THE CORRECT SPS FORM IS E-FILED, THE SUMMONS CAN BE ISSUED.

**12/16/2021**  ☐ **Request Filed**
Request for Appointment of Process Server.
       **Filed By:** EDWARD F LUBY
       **On Behalf Of:** SHIMIKA MULDROW

**12/13/2021**  ☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO MISSING $36 SHERIFF'S SERVICE FEES OR A SPECIAL PROCESS SERVER FORM. E-FILE A MEMO WITH THE REMAINING $36 FEES OR A SPECIAL PROCESS SERVER FORM SO THE SUMMONS CAN BE ISSUED. IF USING A SPECIAL PROCESS SERVER, Per Local Rule 28 (E), you must submit the "Request for Appointment of Process Server" form, which can be found on the St. Louis County Court's Web Site.

**12/10/2021**  ☐ **Filing Info Sheet eFiling**
       **Filed By:** EDWARD F LUBY

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
       **Filed By:** EDWARD F LUBY
       **On Behalf Of:** SHIMIKA MULDROW

☐ **Judge Assigned**
DIV 18

**Exhibit 1**

Case.net Version 5.14.52                    [Return to Top of Page](#)                    Released 06/08/2022

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SHIMIKA MULDROW, ) <br> ) <br>       Plaintiff, ) <br> )   Case No. <br> vs ) <br> ) <br> TRILEAF CORPORATION, )   Division No. <br> ) <br> Serve:  Registered Agent ) <br>        T. Scott Muschany ) <br>        10845 Olive Boulevard, Suite 260 ) <br>        St. Louis, MO 63141 ) <br> ) <br>       Defendant. ) | |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Shimika Muldrow by and through her undersigned counsel, Edward F. (Ted) Luby, and states the following, on personal knowledge as to her own acts and observations, and on information and belief following reasonable investigation as to all matters.

**PARTIES**

1.  Plaintiff Shimika Muldrow is employed, and at all times relevant to this action was employed, by Defendant Trileaf Corporation and its predecessors. Ms. Muldrow resides in Missouri and is a citizen of Missouri.

2.  Defendant Trileaf Corporation ("Trileaf") engages in business and is registered as a duly authorized Missouri resident. Trileaf is a Missouri corporation with a principal place of business in St. Louis, Missouri, and is a Missouri Corporation. There is no diversity of citizenship.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under Mo. Const. art. V, Section 14, and RSMo 478.070. Ms. Muldrow is a citizen of Missouri, as is Defendant Trileaf, which is sued in its home state. No question arises under federal law.

4. This Court has personal jurisdiction under RSMo 506.500 because the Trileaf Defendant is domiciled in this state, and all Defendants transacted business within this state, and made contracts within this state which give rise to the causes of action asserted here.

5. Venue is proper because one or more discriminatory acts occurred in the County of St. Louis, Missouri.

**FACTS**

6. Plaintiff Shamika Muldrow is employed by Trileaf, and over the past several years has worked for the company in Creve Coeur, Missouri.

7. Ms. Muldrow is African American and has darker skin than her Caucasian co-workers.

8. Ms. Muldrow started working for Trileaf in 2018.

9. From 2018 to 2020, she was an Administrative Assistant II/Consultation Coordinator.

10. In March of 2020, she had received an email from the Director stating that another employee had possibly been exposed to the Corona Virus.

11. Ms. Muldrow made sure to indicate that it was not necessary for her to work from home, and that she could come into the office for work. Ms. Muldrow wanted to work.

12. Ms. Muldrow raised concerns to the Missouri Commission on Human Rights and filed a formal complaint about being treated differently than the Caucasian employees in regards to being forced to work in the basement in dungeon like setting, being passed over for various

promotions by less experienced Caucasian employees, receiving less pay than Caucasian employees, and being fired from her position when she inquired about working from home due to her daughter's compromising issues stemming from being injured in an auto collision.

13. At the time, Ms. Muldrows' concerns centered on the racial discrimination.

14. During this time, Ms. Muldrow had regular contact with human resources and other officials about her complaint.

15. Ms. Muldrow received a right-to-sue letter from the EEOC on September 16, 2021.

## COUNT I

### THIS RACIAL AND DISCRIMINATION ACTION IS BROUGHT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED RACE DISCRIMINATION

16. Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

17. Plaintiff is an employee, and Defendant is an employer, within the meaning of the Missouri Human Rights Act, Act of 1964, as amended RACE DISCRIMINATION.

18. Defendant denied Plaintiff promotions, denied her other promotional and work opportunities, denied her flexibility in her work locations which other employees received, and subjected her to a racially hostile environment, and otherwise treated Plaintiff adversely in the terms and conditions of her employment.

19. Plaintiff's race – African-American – was a contributing factor in Defendants' actions.

20. Plaintiff has suffered damages.

21. Defendant has acted with evil motive and/or in reckless disregard of Plaintiff's rights.

3

22. Plaintiff respectfully prays that this Court adjudge Defendants liable for race discrimination in violation of Title VII of the Civil Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

WHEREFORE, Plaintiff Shimika Muldrow prays for judgment and damages in Count I of her Petition against all Defendants in an amount in excess of Twenty-Five Thousand & 00/100 dollars ($25,000.00) for personal injuries, for pain and suffering, anguish of mind, together with costs of suit, lost of benefit of the bargain, attorney's fees, and such and other and further relief as this Court shall deem just and proper.

## COUNT II

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED RACE DISCRIMINATION**

23. Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

24. Plaintiff is an employee, and Defendant is an employer.

25. Defendant denied Plaintiff promotions, denied her promotional and work opportunities, denied her flexibility in her work locations which other employees received, subjected her to a racially hostile environment, and otherwise treated Plaintiff adversely in the terms and conditions of her employment.

26. Plaintiff's color – dark-skinned – was a contributing factor in Defendant's actions.

27. Plaintiff has suffered damages.

28. Defendant has acted with evil motive and/or in reckless disregard of Plaintiff's rights.

29. Plaintiff respectfully prays that this Court adjudge Defendants liable for color discrimination in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

WHEREFORE, Plaintiff Shimika Muldrow prays for judgment and damages in Count II of her Petition against all Defendants in an amount in excess of Twenty-Five Thousand & 00/100 dollars ($25,000.00) for personal injuries, for pain and suffering, anguish of mind, together with costs of suit, lost of benefit of the bargain, attorney's fees, and such and other and further relief as this Court shall deem just and proper.

## COUNT III

**VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED RACE
DISCRIMINATION**

30. Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

31. Plaintiff is an employee, and Defendant is an employer.

32. Defendant denied Plaintiff promotions, promotional and work opportunities, denied her flexibility in her work locations which other employees received, subjected her to a hostile work environment, and otherwise treated Plaintiff adversely in the terms and conditions of her employment in a way that is less favorable than similarly situated male employees.

33. Plaintiff's sex was a contributing factor in Defendants' actions.

34. Plaintiff has suffered damages.

35. Defendants have acted with evil motive and/or in reckless disregard of Plaintiff's rights.

36. Plaintiff respectfully prays that this Court adjudge Defendants liable for sex discrimination in violation of the Civil Right Discrimination Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

WHEREFORE, Plaintiff Shimika Muldrow prays for judgment and damages in Count III of her Petition against all Defendants in an amount in excess of Twenty-Five Thousand & 00/100 dollars ($25,000.00) for personal injuries, for pain and suffering, anguish of mind, together with costs of suit, lost of benefit of the bargain, attorney's fees, and such and other and further relief as this Court shall deem just and proper.

## COUNT IV

### AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS CODIFIED, 29 U.S.C. §§ 621 to 634

37. Plaintiff incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

38. Plaintiff is an employee, and Defendant is an employer, within the meaning of the Missouri Human Rights Act, RSMo Chapter 213.

39. Defendant denied Plaintiff a promotion to claims supervisor, giving that position to a less-experienced and substantially younger employee, and otherwise treated Plaintiff adversely in the terms and conditions of her employment.

40. Plaintiff's age was a contributing factor in Defendant's actions.

41. Plaintiff has suffered damages.

42. Defendants have acted with evil motive and/or in reckless disregard of Plaintiff's rights.

43. Plaintiff respectfully prays that this Court adjudge Defendants liable for age discrimination in violation of the Civil Rights Discrimination Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

WHEREFORE, Plaintiff Shimika Muldrow prays for judgment and damages in Count I of her Petition against all Defendants in an amount in excess of Twenty-Five Thousand & 00/100 dollars ($25,000.00) for personal injuries, for pain and suffering, anguish of mind, together with costs of suit, lost of benefit of the bargain, attorney's fees, and such and other and further relief as this Court shall deem just and proper

### JURY DEMAND

Ms. Muldrow respectfully demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shimika Muldrow prays for judgment and damages against all Defendants in an amount in excess of Twenty-Five Thousand & 00/100 dollars ($25,000.00) for personal injuries, for pain and suffering, anguish of mind, together with costs of suit, lost of benefit of the bargain, attorney's fees, and such and other and further relief as this Court shall deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Edward F. (Ted) Luby
Edward F. (Ted) Luby, MBE #48857
Luby Law Firm
The 222 Building
222 South Central, Suite 500
Clayton, MO 63105
Ph: (314) 421-5829
Email: lubylaw@lubylawfirm.com


/s/Phillip H. Dennis

Electronically Filed - St Louis County - December 10, 2021 - 04:10 PM

        Phillip H. Dennis    MBE #51557
        DENNIS LAW FIRM
        5340 Delmar Ste. 101
        St. Louis, MO  63112
        (314) 371-7300 – Telephone
        (314) 371-7500 – Facsimile
        Dennislaw1959@hotmail.com
        *Attorney for Plaintiffs*

8

# In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

**Shimika Muldrow**
Plaintiff/Petitioner

vs.

**Trileaf Corporation**
Defendant/Respondent

Date: December 16, 2021

Case Number: 21SL-CC06059

Division: 18

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **Shimika Muldrow**, Requesting Party, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

**William Stage**   222 S. Central Ave. Ste. 1120, St. Louis, MO 63105   (314) 421-5829
Name of Process Server    Address    Telephone

_____    _____    _____
Name of Process Server    Address or in the Alternative    Telephone

_____    _____    _____
Name of Process Server    Address or in the Alternative    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
Name: Trileaf Corporation
Address: 10845 Olive Blvd. Ste. 260
City/State/Zip: St. Louis, MO 63141

**SERVE:**
Name:
Address:
City/State/Zip:

**SERVE:**
Name:
Address:
City/State/Zip:

**SERVE:**
Name:
Address:
City/State/Zip:

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By _____
Deputy Clerk

Date _____

Signature of Attorney/Plaintiff/Petitioner
Bar No. 48857
Address: 222 S. Central Ave., Ste. 1120, St. Louis, MO 63105
Phone No. (314) 421-5829
Fax No.

CCADM62-WS   Rev. 07/19

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Shimika Muldrow
Plaintiff/Petitioner

vs.

Trileaf Corporation
Defendant/Respondent

Date: March 28, 2022

Case Number: 21SL-CC06059

Division: 18

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Shimika Muldrow__, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| William Stage | P.O. Box 4932, St. Louis, MO 63108 | |
| Jeff Aronson | P.O. Box 4932, St. Louis, MO 63108 | |
| | | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: Trileaf Corporation
Address: 10845 Olive Blvd., Suite 260
City/State/Zip: St. Louis, MO 63141

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name:
Address:
City/State/Zip:

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By  /s/ Adam Dockery
Deputy Clerk

Date: 5/10/2022

/s/ Edward F. (Ted) Luby
Signature of Attorney/Plaintiff/Petitioner
Bar No.: 48857
Address: 222 S. Central Ave., Suite 1120, Clayton, MO 63105
Phone No.: (314) 421-5829       Fax No.:

CCADM62-WS    Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/19



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 21SL-CC06059 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SHIMIKA MULDROW | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD F LUBY | |
| vs. | | |
| Defendant/Respondent:<br>TRILEAF CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TRILEAF CORPORATION
  Alias:
         REG AGT T SCOTT MUSCHANY
         10845 OLIVE BLVD STE 260
         ST LOUIS, MO  63141



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**10-MAY-2022**
Date                                                                      _____
                                                                                              Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)   My commission expires: _____    _____
                                          Date                                Notary Public

OSCA (7-99) SM40  (SMCC) *For Court Use Only*: **Document ID# 22-SMCC-4165**        1        Rule 86.05; 523.030 RSMo

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |
| A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54. | |

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73