UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **SHIMIKA MULDROW,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22CV647 HEA |
| | ) |
| **TRILEAF CORPORATION,** | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 8] and Plaintiff's Motion for Leave to File Amended First Complaint, [Doc. No.12]. Defendant opposes Plaintiff's Motion. For the reasons set forth below, Defendant's Motion will be granted, Plaintiff's Motion will be denied.   Plaintiff will be given leave to file an amended complaint.

### Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of*

*Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Matters necessarily embraced by the pleadings include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller*, 688 F.3d at 931 n.3).

## Discussion

Defendant raises challenges to Plaintiff's Petition. Rather than responding to Defendant's motion, Plaintiff filed a Motion for Leave to Amend Plaintiff's First Complaint Dismissing Count III and Count IV with prejudice from Plaintiff's First Complaint but retaining Counts I and II.

As Defendant correctly argues, Plaintiff's proposed First Amended Complaint fails to address the issues presented in Defendant's Motion. While Plaintiff is apparently aware of the insufficiency of Counts III and IV, Plaintiff's proposed First Amended Complaint does not materially change the allegations in Counts I and II. As such, Defendant's Motion would have been well taken.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, [Doc. No. 8], is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend, [Doc. No. 12], is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff is given 10 days from the date of this Opinion to file an Amended Complaint. Failure to file an Amended Complaint

within the provided time will result in dismissal of this action.

      Dated this 24th day of October, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTICT JUDGE